United States District Court
Southern District of Texas
**ENTERED**
April 22, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT　　　　　SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| J&J Sports Productions, Inc., § <br>  Plaintiff, § <br> § <br> v. § <br> § <br> Carlos Arriaga, individually, and § <br> d/b/a Los Amigos Restaurant and § <br> d/b/a Los Amigos; § <br> and Luz M. Arriaga a/k/a Luz § <br> Maria Perez, individually, and d/b/a § <br> Los Amigos Restaurant and d/b/a § <br> Los Amigos, § <br>  Defendants. § | Civil Action H-19-4330 |

# Memorandum and Recommendation

  J&J Sports Productions, Inc. has moved for default judgment against both defendants. (13) J&J seeks statutory damages in the amount of $10,000, additional damages in the amount of $50,000, attorneys' fees in the amount of one-third of the total recovery or $1,200 plus fees that will be accrued post-judgment, costs and post-judgment interest.

  A motion for default judgment requires the court to determine: (1) if default judgment is procedurally appropriate; (2) if plaintiff has presented a colorable claim; and (3) how to calculate damages. *Vela v. M&G USA Corp.*, No. 2:17-CV-13, 2020 WL 421188, at *1 (S.D. Tex. Jan. 27, 2020). The court must consider relevant factors including

> whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

A default judgment "must be supported by well-pleaded allegations and must have a sufficient basis in the pleadings." *Wooten v. McDonald Transit Assoc., Inc.,* 788 F.3d 490, 498 (5th Cir. 2015). Well-pleaded factual allegations are assumed to be true, except regarding damages. *United States v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). Judgments by default are a drastic remedy and are disfavored by the courts. *Charlton L. Davis & Co., P. C. v. Fedder Data Ctr., Inc.*, 556 F.2d 308, 309 (5th Cir. 1977); Lindsey, 161 F.3d at 893.

J&J has shown that the complaint, summons, and other documents were left with Carlos Arriaga at the Arriagas' dwelling or usual place of abode. Neither Defendant has answered or otherwise responded. The Clerk's entry of default (12) was appropriate as to both Defendants.

J&J has shown that it is an aggrieved party under the Federal Communications Act, 47 U.S.C. §§ 553, 605. J&J has presented evidence that on November 5, 2016, Los Amigos Restaurant displayed without authorization the Jessie Vargas v. Manny Pacquiao WBO Welterweight Champion Fight Program.

Los Amigos Restaurant has one flat screen television, on which the event was shown. The event was not advertised. There was no cover charge. Food and drinks were sold during the event. J&J has shown that the event could not be shown by Los Amigos Restaurant without a purposeful act to intercept and receive the broadcast.

J&J's investigator observed that not more than thirteen people were present in Los Amigos when the program was broadcast. The investigator estimated the maximum seating capacity to be 65. The commercial sublicense fee for an establishment seating up to 100 patrons was $2,051 for this event.

Based on the evidence of record, the court recommends that default judgment be entered in favor of J&J Sports Productions, Inc. in the amount of $3,351 in statutory damages under 47 U.S.C. § 605(e)(3)(C)(i) and (ii); $1,200 for attorneys' fees; post-judgment

interest at the effective rate on the date of entry of judgment; and costs.

The parties have fourteen days from service of this memorandum and recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on April __22__, 2020.

_____
Peter Bray
United States Magistrate Judge